770 F.Supp. 500 (1991)
CITY OF EUREKA, MISSOURI, et al., Plaintiffs,
v.
UNITED STATES of America, et al., Defendants.
No. 90-1489C(6).
United States District Court, E.D. Missouri.
August 22, 1991.
*501 Jerome Wallach, The Wallach Law Firm, St. Louis, Mo., for plaintiff City of Eureka.
Robert S. Adler, Rothman, Sokol, Adler, Barry & Sarachan, St. Louis, Mo., for City of Fenton.
Kay Allison, Atty., Environmental Defense Section, Environment and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiffs, Cities of Eureka and Fenton, bring this action pursuant to section 310 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9657, as amended by the Superfund Amendments and Reauthorization Act of 1986 Pub.L. No. 99-499, 100 Stat. 1613 (1986) (SARA) codified as the plan amended at 42 U.S.C. §§ 9601-9675 (1988), challenging the EPA's selection of a remedial action plan prior to implementation of the plan. The United States moves to dismiss plaintiff's complaint contending that section 113(h)(4) of CERCLA expressly precludes affirmative challenges to EPA response action plans prior to implementation.
In this action plaintiffs challenge the EPA's selection of remedy for dioxin-contaminated soils at two Superfund sites: the Times Beach site in Times Beach, Missouri, and the Minker/Stout/Romaine Creek site (Minker site) in Imperial, Missouri.
Beginning in 1982, EPA initiated a response program aimed at abating the contamination at these sites. EPA's response activities have included investigations to determine the extent and nature of contamination at the sites and to develop alternative plans to address the contamination. Specifically, the EPA conducted a feasibility study and issued a report entitled "Feasibility Study of Final Remedial Actions for the Minker/Stout/Romaine Creek Site." This study evaluated remedial alternatives for the dioxin-contaminated soil being temporarily stored at the site. The EPA received public comments on this feasibility study from August 8, 1986 through September 5, 1986. A public hearing was held August 25, 1986 to discuss the alternatives evaluated in the study and the EPA's proposed remedy.
A second study, the "Times Beach Feasibility Study", was released for public comment on December 29, 1986, and comments were solicited through March 27, 1987. On February 12, 1987, a public meeting was convened to discuss alternatives evaluated in the study and to present the Agency's proposed remedy. The Times Beach and Minker Proposed Plan was released February 19, 1988. A public comment period began February 19, 1988 and continued through March 18, 1988, and a public meeting was held in Eureka, Missouri March 10, 1988. The proposed plan recommended centralized thermal treatment of contaminated soils from the Times Beach and Minker sites at a temporary facility to be located at Times Beach.
After EPA had considered and responded to all the comments, it set out its selection of a remedy in the record of decision, issued September 29, 1988. It is that record of decision, entitled "Record of Decision for Final Management of Dioxin-Contaminated Soil and Final Disposition of Structures and Debris at Times Beach, Missouri and the *502 Minker/Stout/Romaine Site, Missouri" (the "ROD"), which plaintiffs challenge here.
Civil actions involving the Times Beach, Minker and related sites have been pending in the United States District Court for the Eastern District of Missouri, Eastern Division, for more than six years. The United States and the State of Missouri instituted these actions to obtain remedial relief and to recover response costs from named defendants in connection with the release of the hazardous substances at these sites. Cause No. 83-2670C(2), which concerns the Minker site, was filed by the State of Missouri on November 23, 1983. Thereafter, the State filed Cause No. 84-1447C(4), which is concerned with another eastern Missouri dioxin site, on June 20, 1984, and Cause No. 85-2856C(6), which is concerned with the Times Beach site on November 17, 1985. The United States commenced Cause No. 84-200C(1), which is concerned with six dioxin sites, on January 20, 1984. On August 16, 1988 the United States moved for leave to file a Fourth Amended Complaint to add the Times Beach site, the Minker site and 19 other dioxin sites to Cause No. 84-200C(1). That motion was granted on March 1, 1989; however, the claims concerning these twenty-one additional sites were filed as consolidated Cause Nos. 89-351C(1) through 89-371C(1). Finally, on April 6, 1990, the United States commenced Cause No. 90-656C(1), which concerns the twenty-eighth dioxin site. All of these actions have been consolidated, for limited purposes, as the Missouri Dioxin Litigation.
In early 1990 the Cities of Eureka and Fenton attempted to intervene in those consolidated cases for the purpose of challenging the ROD. On July 30, 1990, Judge Nangle denied the Cities' motion. The Cities then moved for reconsideration. On August 6, 1990 the Cities filed the instant action which was assigned to this Court. On December 31, 1990, Judge Nangle approved a settlement and proposed consent decree negotiated between the EPA and Syntex in the Missouri Dioxin Litigation consolidated cases. On the same date, Judge Nangle denied the Cities' request for reconsideration of the denial of their motion to intervene. The United States then moved to dismiss the instant action for lack of subject matter jurisdiction.
The United States asserts that plaintiff's complaint is premature because pre-enforcement review of remedial actions taken by the EPA is not available under CERCLA. Section 113(h)(4) of CERCLA, 42 U.S.C. § 9613(h)(4) explicitly prohibits pre-implementation or pre-enforcement review of remedial actions taken by the EPA pursuant to CERCLA. See Barmet Aluminum Corp. v. Reilly, 927 F.2d 289, 293 (6th Cir.1991); Schalk v. Reilly, 900 F.2d 1091, 1095 (7th Cir.), cert. denied, ___ U.S. ___, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990); Alabama v. EPA, 871 F.2d 1548, 1557-58 (11th Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 538, 107 L.Ed.2d 535 (1989); United States v. Cordova Chem. Co., 750 F.Supp. 832, 837 (W.D.Mich.1990); Werlein v. United States, 746 F.Supp. 887, 891-95 (D.Minn. 1990); Reardon v. United States, 731 F.Supp. 558, 562-63 (D.Mass.1990); Neighborhood Toxic Cleanup Emergency v. Reilly, 716 F.Supp. 828, 831-34 (D.N.J.1989); Pollution Control Indus. of America v. Reilly, 715 F.Supp. 219, 221 (N.D.Ill.1989).
42 U.S.C. § 9613(h) provides in pertinent part:
No Federal court shall have jurisdiction under Federal law ... to review challenges to removal or remedial action selected ... except ...
(4) An action under section 9659 alleging that the removal or remedial action taken under section 9604 of title or secured under section 9606 of this title was in violation of any requirement of this chapter. Such an action may not be brought with regard to a removal where a remedial action is to be undertaken at the site. (emphasis supplied).
The references in this section to remedial actions taken or secured unambiguously indicate that section 113(h)(4) applies only after a remedial action is completed. "The statute precludes federal court review at this stage  when a remedial plan has been chosen, but not `taken' or `secured'." Schalk v. Reilly, 900 F.2d at 1095.
*503 The cases cited by plaintiff in support of the assertion that this Court possesses subject matter jurisdiction over plaintiff's complaint are inapposite. The authorities cited by plaintiff concern constitutional challenges to EPA remedial action or claims subject to the timing provisions of sections 113(h)(1) and 113(h)(5) rather than section 113(h)(4). See Juniper Development Corp. v. United States, No. 89-2569-K, 1990 WL 264540 (D.Mass. August 7, 1990) (constitutional challenge); Cabot Corp. v. EPA, 677 F.Supp. 823 (E.D.Pa.1988) (§ 113(h)(1)); United States v. Hardage, 750 F.Supp. 1444 (W.D.Okl.1990) (§ 113(h)(5)).
On the basis of the foregoing, the Court concludes that plaintiffs' motion to dismiss for lack of subject matter jurisdiction should be granted.