N.T. "Brother" GREENE, and Other Citizens Similarly Situated, Plaintiffs–Appellants,

v.

William K. REILLY, Administrator, United States Environmental Protection Agency; et al., Defendants–Appellants.

No. 90–6171.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 17, 1991.

Decided Feb. 11, 1992.

Frank E. Deale (argued and briefed), Matthew J. Chachere, New York City, for plaintiffs-appellants.

Carl Strass, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., Ed Bryant, U.S. Atty., Alice A. Howze, Asst. U.S. Atty., Office of U.S. Atty., Memphis, Tenn., Ellen J. Durkee (argued and briefed), Dirk D. Snel, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., Joseph Freedman, U.S. E.P.A., Washington, D.C., M. Gretchen Muench, Asst. Regional Counsel Region IV, U.S. E.P.A., Atlanta, Ga., for defendants-appellees.

Before GUY and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.*

PER CURIAM.

This is a "citizen suit" brought by N.T. "Brother" Greene against the Administrator of the Environmental Protection Agency (EPA), the Regional Administrator of the EPA for the region which includes Tennessee, the United States Attorney General, and the United States Attorney for the Western District of Tennessee under section 505(a)(2) of the Federal Water Pollution Control Act (FWPCA), as amended by the Clean Water Act of 1977, 33 U.S.C. § 1365(a)(2). Greene alleged that point-source discharges from sites near Memphis, Tennessee violated section 301 of the FWPCA, 33 U.S.C. § 1311. He sought declaratory and injunctive relief to ensure that the EPA corrected the alleged violations by issuing compliance orders to those responsible.

Finding that section 309(a)(3) of the FWPCA, 33 U.S.C. § 1319(a)(3), does not

---

* The Honorable James Harvey, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation.

require the EPA to take action when it discovers violations of section 301, the district court dismissed Greene's complaint on the ground that it lacked jurisdiction to order the EPA to perform discretionary acts. Greene appeals, arguing that section 309(a)(3) places on the Administrator of the EPA a mandatory duty to issue compliance orders to violators of the FWPCA. We need not reach the question whether section 309(a)(3) requires the EPA either to issue a compliance order or to bring a civil suit when it finds a violation of section 301 of the FWPCA, because Greene failed before filing suit to give sixty-days' notice to the EPA of his plans to file suit, as required by section 505(b)(2) of the FWPCA, 33 U.S.C. § 1365(b)(2). Hence, we affirm on other grounds.

■ Section 505(a)(2) permits any citizen to sue the Administrator of the EPA where the citizen alleges that the Administrator has failed to perform any act or duty which is not discretionary. 33 U.S.C. § 1365(a)(2). Yet, section 505(b)(2) provides that no action may be commenced "under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator...." 33 U.S.C. § 1365(b)(2). Further, "[s]ervice of notice of intent to file suit pursuant to section 505(a)(2) of the [FWPCA] shall be accomplished by certified mail addressed to, or by personal service upon, the Administrator, Environmental Protection Agency, Washington, DC, 20460." 40 C.F.R. § 135.2(b). Thus, under the plain language of the statute and its implementing regulation, a citizen may not sue the Administrator until sixty days after the citizen has notified the Administrator, either by certified mail or by personal service, of the citizen's intent to sue.

■ Greene concedes that he did not notify the Administrator before filing his complaint that he planned to bring a citizen suit. Hence, because "[a] civil action is commenced by filing a complaint with the court," Fed.R.Civ.P. 3, Greene failed to comply with the FWPCA's sixty-day notice provision.

Although Greene admits that he failed to give notice, he argues that he satisfied the notice provision because the EPA knew of the section 301 violations near Memphis. Yet, the Supreme Court rejected this flexible approach in *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989). Noting a conflict among the Courts of Appeals regarding the correct interpretation of the sixty-day notice provision found in the Resource Conservation and Recovery Act of 1976 (RCRA), 90 Stat. 2825 (1976), as amended, 42 U.S.C. § 6972, and in other similar federal statutes, including in section 505(b) of the FWPCA, the Supreme Court ruled that compliance with the sixty-day notice provision is a mandatory condition precedent to filing suit. Observing that "[t]he equities do not weigh in favor of modifying statutory requirements when the procedural default is caused by [a plaintiff's] 'failure to take the minimal steps necessary' to preserve [a] claim," the Supreme Court found no reason to create an exception to the statutory notice provision. *Hallstrom*, 493 U.S. 20, 21, 110 S.Ct. 304, 306, 107 L.Ed.2d 237, 247 (1989) (quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 466, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1975)).

Similarly, we see no reason to create an exception to the FWPCA's notice provision. Although Greene alleges that he reported the section 301 violations to the EPA, he made no attempt to notify the EPA of his plans to sue the Administrator. He merely contacted various EPA officials to report the alleged violations, and asked that the EPA take steps to correct them. Yet, the statute requires notice of intent to sue, not notice of alleged FWPCA violations. As this Court has remarked in reference to the notice requirement found in the citizen suit provisions of the RCRA and the FWPCA, "'the notice requirement is not a mere technical wrinkle of statutory drafting or formality to be waived by the federal courts.'" *Walls v. Waste Resource Corp.*, 761 F.2d 311, 316 (6th Cir.1985) (quoting *Ada–Cascade Watch Co. v. Cascade Resource Recovery*, 720 F.2d 897, 908 (6th Cir.1983) (Merritt, J., dissenting)). Thus,

we hold that notice of alleged FWPCA violations does not satisfy the requirement of notice of intent to file suit.

Accordingly, the district court's dismissal of Greene's complaint is AFFIRMED.