**POLLUTION CONTROL INDUSTRIES OF AMERICA, INC. and Chicago Industrial Waste Haulers, Inc., Plaintiffs,**

**v.**

**William K. REILLY, Administrator, United States Environmental Protection Agency, United States of America, Defendants.**

**No. 89 C 4036.**

United States District Court,
N.D. Illinois, E.D.

June 26, 1989.

Robin R. Lunn, Michael C. Neubauer, Keck, Mahin & Cate, Chicago, Ill., for plaintiffs.

Fred Prillaman, Mohan, Alewelt, Prillaman & Adami, Springfield, Ill., Donald Martin, Martin & Karcazes, Ltd., Chicago, Ill., for Chicago Indus. Waste Haulers, Inc.

Bradley L. Williams, Reed S. Oslan, Ice Miller Donaodio & Ryan, Indianapolis, Ind., pro hac vice for Pollution Control Industries of America.

United States Atty., Anton R. Valukas, Asst. U.S. Atty., Frederick Branding, for defendants.

Leonardo D. Robinson, Office of Regional Counsel, U.S. E.P.A., Chicago, Ill., Lawrence E. Blatnik, Thomas R. Bartman, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for William K. Reilly.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

This cause is before the court on the motion of defendant, William K. Reilly, Administrator of the Environmental Protection Agency ("EPA"), to dismiss the complaint of plaintiffs, Pollution Control Industries of America, Inc. ("PCIA") and Chicago Industrial Waste Haulers, Inc. ("CIWH"), for lack of subject matter jurisdiction. For the reasons herein stated, the motion is granted.

On April 9, 1989 the EPA issued an order directing CIWH to undertake and complete emergency removal activities at the firm's Alsip, Illinois ("Alsip") site. CIWH proposed PCIA to do the job. The EPA initially indicated it would approve PCIA. On May 5, 1989 however the EPA learned that PCIA's president had pled to two counts of fraud based upon the firm's activities at another site. On the basis of this information the EPA orally advised CIWH that it was disapproving PCIA as contractor for the Alsip site removal activities.

On May 8, 1989 the EPA met with both PCIA and CIWH to discuss PCIA's qualifications to do the job at the Alsip site. On May 10, 1989 the EPA notified plaintiffs that it had considered their arguments but had decided to stand by its previous decision. The EPA gave plaintiffs another opportunity to present their case on May 15, 1989, but again subsequently reached the same conclusion.

On May 23, 1989 plaintiffs petitioned the court for a preliminary injunction to enjoin the EPA from enforcing its May 10, 1989 order. At that time defendants, who had not yet filed any sort of responsive pleadings, orally raised the issue of this court's jurisdiction to hear the complaint. The court stated that the issue should be resolved before the parties proceeded with discovery. Plaintiffs suggested that the proper way to proceed would be for defendant to file a motion to dismiss for lack of jurisdiction. Because of time restraints however the court suggested that plaintiffs proceed to demonstrate jurisdiction for the relief it was seeking. Thus the matter has been briefed, although in a reverse order, with plaintiffs having opened and closed and defendants, who are the movants, having answered and filed a written motion to dismiss under Rule 12(b)(1).

■ Generally speaking, a person suffering a legal wrong because of an agency action or adversely affected or aggrieved by an agency action is entitled to judicial review thereof. 5 U.S.C. § 702. Such review is unavailable however to the extent that a relevant statute precludes it. *Block v. Community Nutrition Institute*, 467 U.S. 340, 345, 104 S.Ct. 2450, 2453, 81 L.Ed. 2d 270 (1984).

■ Here the EPA claims that its disqualifying order was issued pursuant to Section 106(a) of the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9606(a), which enables the EPA Administrator to issue orders as may be necessary to protect public health and welfare and the environment. *Id.* Federal courts lack jurisdiction to review any order issued under this section except in five discrete situations, none of which applies to plaintiffs. 42 U.S.C. § 9613(h) (section 113(h) of CERCLA). Thus the EPA argues that the court lacks jurisdiction to hear plaintiffs' claim.

Plaintiffs respond by arguing that while the EPA's initial ruling of April 19, 1989, which directed CIWH to undertake removal activities, was issued pursuant to section 106(a), 42 U.S.C. § 9606(a), its subsequent

order of May 10, 1989, which disqualified PCIA, was not. Instead, CIWH characterizes this May 10, 1989 order as "free standing."

The court does not agree. First, the April 19, 1989 order specifically stated that the EPA reserved the right to disapprove any contractor selected by CIWH to perform the removal activities. Second, the language of section 106, 42 U.S.C. § 9606, is written broadly enough to allow the EPA to issue such an order.

Finally, an unqualified contractor is, by definition, one who is not likely to implement a proper removal within a normal time period. This is the very essence of delay. To allow plaintiffs to enjoin the EPA's disqualification order would in effect permit them to utilize a judicial mechanism by which to promulgate such delay. This would frustrate the very policy underlying section 113(h), 42 U.S.C. § 9613(h)—i.e., to prevent parties from using the courts to delay clean-up activities. *See e.g., In re Combustion Equipment Assocs., Inc.,* 838 F.2d 35, 37 (2nd Cir.1988).

Plaintiffs cite *Chemical Waste Management v. U.S. EPA,* 673 F.Supp. 1043 (D.Kan.1967), for the proposition that this court has jurisdiction to hear this suit despite Section 113(h). However that case involved an EPA order issued under a different section—section 121(d)(3), 42 U.S.C. § 9621(d)(3), rather than Section 106(a), 42 U.S.C. § 9606(a). Section 113(h), 42 U.S.C. § 9613(h), by its terms applies to orders issued pursuant to Section 106(a), 42 U.S.C. § 9606(a), and is silent as to orders issued pursuant to Section 121(d)(3), 42 U.S.C. § 9621(d)(3). Therefore any comments in that opinion that would imply jurisdiction here would be *dictum.*

The PCIA argues that the denial of review at this time would deny it due process. Under the Federal Acquisition Regulations however a contractor may be debarred from a federal contract where he is convicted after a guilty plea of fraud in performing a public contract. 48 C.F.R. 9.406–2. The PCIA argues that it was not afforded the procedural safeguards accorded under these regulations, such as advance written notice, thirty days to respond, and an opportunity to an in-person hearing in front of a debarring official. The court notes that where, as here, the impropriety at issue is conceded, the validity of the procedure used is irrelevant for due process purposes. *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977).

The PCIA also raises an apparent equal protection claim in its reply brief, arguing that the EPA approves other contractors with equally discredited work histories to do the work required here. This claim does not appear in its complaint and there is nothing in the record to support this claim.

Finally, plaintiffs assert jurisdiction under Sections 310(a)(2) and (h) of CERCLA, 42 U.S.C. § 9659(a)(2) and (h). Section 310(a)(2) allows citizens to bring suit against the President or Director of the EPA where they fail to perform non-discretionary acts or duties. *Id.* Plaintiffs cannot bring suit under this statute because they have not given at least sixty days notice of their intent to initiate such a suit, *City of Evansville v. Kentucky Recycling,* 604 F.2d 1008, 1013–14 (7th Cir.1979), *cert. denied,* 444 U.S. 1025, 100 S.Ct. 689, 62 L.Ed.2d 659 (1980), and they have not identified some non-discretionary act or duty that they allege has been breached.

Section 310(h), 42 U.S.C. § 9659(h), preserves rights arising under other laws. Plaintiffs also cannot sue under this section because it incorporates the jurisdictional bar to pre-implementation judicial review in Section 113(h), 42 U.S.C. § 9613(h), discussed above.

Accordingly, for the foregoing reasons defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

IT IS SO ORDERED.